UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                               No.  13-CR-271 (LTS)

BURCHANTI SCOTT,

       Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received Defendant Burchanti Scott's pro se motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A).  (Docket entry no. 1191 (the "Motion").)  The Court has also received the Government's Opposition (docket entry no. 1194 (the "Opposition")) and Mr. Scott's Reply (docket entry no. 1198 (the "Reply")).  The Court has reviewed the parties' submission carefully and, for the following reasons, Mr. Scott's Motion is denied.

## DISCUSSION

The compassionate release statute provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-160) (emphasis added).   As indicated in the plain language of provision, a defendant must exhaust administrative remedies, or await 30 days after filing a request with the warden for a compassionate release application, prior to filing

a motion seeking a sentence reduction in a district court.  Mr. Scott does not proffer any such request that he filed with the Bureau of Prisons ("BOP"), nor does he claim that he filed one.  The Government represents that the BOP has no record of any request.  (See Opposition at 3.)  In his Reply, Mr. Scott indicates that "he became aware of his failure to exhaust the administrative remedy process," and asks the Court to stay the proceedings to allow him to exhaust his administrative remedies.  (Reply 2.)  The Court declines to take that measure, as it is clear from the statutory language that administrative exhaustion is a procedural bar to initiating in the first instance a motion for a sentence reduction in the district court.  See United States v. Hill, No. 16-cr-397-LTS, 2020 WL 1911206, at *1 (S.D.N.Y. Apr. 20, 2020) (noting that the statute's "clear and explicit language mandat[es] exhaustion prior to judicial intervention").  As the Second Circuit has instructed, § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule, and a defendant may proceed with their motion when the Government has "waived or forfeited" the defense of failure to exhaust.  See United States v. Saladino, 7 F.4th 120, 124 (2d Cir. 2021).  Because the Government has not waived or forfeited the exhaustion requirement, the motion must be dismissed, without prejudice, for a failure to exhaust administrative remedies under the statute.

       Mr. Scott may wish to consider, in formulating a request to the warden or a future request to the Court, that it is not at all clear from the request he has filed with this Court that there are extraordinary and compelling reasons warranting a reduction of his sentence. Mr. Scott advances only broad arguments about the risk of contracting COVID-19 as the basis for his request, along with generalized complaints about the conditions of his confinement.  (See Motion at 3; Reply at 2-3.)  "Courts in this district have repeatedly denied motions for compassionate release that are based only on a risk of contracting COVID-19, without accompanying conditions

that make severe illness more likely." <u>United States v. Mena</u>, No. 16-cr-850 (ER), 2021 WL 2562442, at *2 (S.D.N.Y. June 23, 2021) (collecting cases).  Further, of the 926 inmates currently housed at FCI Ray Brook, where Mr. Scott is currently incarcerated, there are no positive COVID-19 cases among inmates, and there have been no COVID-19-releated deaths at the facility.  <u>See</u> BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/; BOP, FCI Ray Brook, https://www.bop.gov/locations/institutions/rbk/ (last visited October 6, 2022).

## CONCLUSION

For the foregoing reasons, Mr. Scott's motion for a sentence reduction pursuant to 18 U.S.C. section 3582(c)(1)(A) is denied.  Chambers will mail a copy of this Order to Mr. Scott at the address below.  Docket entry no. 1191 is resolved.

SO ORDERED.

Dated: New York, New York
October 11, 2022

      /s/ Laura Taylor Swain
     LAURA TAYLOR SWAIN
     Chief United States District Judge

**Mail to:**
Burchanti Scott, Reg. No. 05863-748
FCI Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977