UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

  -v-                                            No. 13-CR-00271-LTS-17

BURCHANTI SCOTT,

        Defendant.

-------------------------------------------------------x

ORDER

Laura Taylor Swain, Chief United States District Judge:

        On June 5, 2017, Mr. Scott was sentenced principally to a term of imprisonment of 132 months. (See docket entry no. 863.)

        On August 30, 2024, Mr. Scott filed a motion (see docket entry no. 1242), requesting that this Court consider a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023.[1] Amendment 821 contains two retroactive provisions. Part A of Amendment 821 reduces or eliminates sentencing enhancements ("status points") that may have been imposed at the time of sentencing based on the commission of crimes while the individual was under a criminal justice sentence. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (those with no criminal history points), whose offense did not involve specific aggravating factors.

---

[1] Mr. Scott's motion was filed in the form of a letter requesting "the new time reduction that has just passed." (Docket entry no. 1242.) The Court construes it as requesting Amendment 821 relief.

The United States Probation Office for the Southern District of New York has analyzed the application of the amended Guidelines to Mr. Scott's case and issued a supplemental presentence report concluding that Mr. Scott is not eligible for a sentence reduction. (See docket entry no. 1244.)

The Court has considered the record in this case, the supplemental presentence report, and Mr. Scott's submission in support of his motion, and concurs with the Probation Office's analysis. Mr. Scott is ineligible for a "status points"-based reduction under Amendment 821 because his Guideline calculation at the time of sentence did not include any status points. Nor is Mr. Scott eligible for Amendment 821's retroactive offense level reduction for "zero point" offenders, because he had multiple criminal history points at the time of sentencing due to his prior convictions. Because Amendment 821 does not provide a basis for reducing his sentence, Mr. Scott's motion is denied. This order resolves docket entry no. 1242. Chambers will mail a copy of this order, along with a contemporaneously filed form order and a copy of the supplemental presentence report, to Mr. Scott at the address below.

SO ORDERED.

Dated: New York, New York
September 27, 2024

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copy to be mailed to:**

Burchanti Scott
Reg. No. 05863-748
Bronx Community Reentry Center
2534 Creston Ave.
Bronx, NY 10468